**In re Corey D. MERCIER, d/b/a Magnum Investment Group d/b/a Magnum Instant Galley d/b/a Mercier Investment Group, Debtor.**

**No. 9:03–BK–15259–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

March 31, 2005.

Jeffrey W. Leasure, PA, Fort Myers, FL, for Debtor.

*AMENDED ORDER DENYING DEBT-OR, COREY D. MERCIER d/b/a MAGNUM INVESTMENT GROUP d/b/a MAGNUM INSTANT GAL-LERY d/b/a MERCIER INVEST-MENT GROUP RENEWED MO-TION FOR SANCTIONS AGAINST ANNEELENA FOSTER* (Doc. No. 133)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration is a Motion filed by Corey D. Mercier, etc. (the Debtor) to impose sanctions against Anneelena Foster (Ms. Foster). In support of the Motion, the Debtor contends that on June 8, 2004, this Court entered an Order Granting Motion for Sanctions Against Anneelena Foster (Doc. No. 74), requiring Ms. Foster to vacate the Award of Arbitration and the Judgment entered in the Circuit Court of the Twentieth Judicial Circuit, In and For Collier County, Florida, within fifteen (15) days of the entry of that Order.

According to the Debtor, Ms. Foster failed to vacate the Award of Arbitration and Judgment. Therefore, the Debtor requested this Court to impose sanctions including attorneys' fees and costs on Ms. Foster for failure to comply with this Court's order entered on June 8, 2004.

This Court heard statements of Ms. Foster, who appeared pro se, and from counsel for the Debtor. Based on the presentation by the parties, this Court now finds and concludes as follows:

■ In the present instance, there is no competent evidence that Ms. Foster, in fact, did request the Circuit Court to expunge the Arbitration Award and the Judgment from the public records. While it is obvious that Ms. Foster's request to expunge the Award and the Judgment could have been easily documented, this Court for the purpose of considering this Motion accepts as true that she did make such a request. Counsel for the Debtor also apparently relying on Ms. Foster's statement, now seeks the alternative remedy, which is to order Ms. Foster to execute a satisfaction of the Judgment.

■ Of course, it is without peradventure that this Court lacks the power to order a Judge of the State Circuit Court to

order the expungement of the Arbitration Award and Judgment from the record. It is equally true that the alleged contemnor's genuine inability to comply with the Order is recognized as an absolute defense.

Is there any remedy available to protect the Debtor while she is a Debtor seeking rehabilitation under Chapter 13? First, it is clear that the grant of the Arbitration Award and Judgment based on the award after the commencement of this Chapter 13 case was a violation of the automatic stay, and it is unenforceable against the Debtor and against any property of the Debtor. Second, the protection granted to a debtor in a Chapter 13 against collection efforts to collect pre-petition debts is fully in force and can be protected until the Chapter 13 case is concluded.

This Court is satisfied that there is no legal basis to recognize this request to order Ms. Foster to execute the satisfaction of the Judgment for the simple reason that the automatic stay does not invalidate the judgment and the judgment became viable and enforceable outside of bankruptcy. The only proper remedy available to the Debtor would be an order assuring that Ms. Foster is not attempting to enforce the Judgment which was clearly entered in violation of the automatic stay imposed by Section 363(a) of the Bankruptcy Code.

Thus, this Court is satisfied that the Debtor may file for the public record a certified copy of this Order which shall also include in the conclusion that Ms. Foster will be in contempt of this Court Order, if she attempts to collect directly or indirectly or to enforce the Order on Arbitration or the Judgment entered on the Arbitration Award.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Renewed Motion for Sanctions against Anneelena Foster (Doc. No. 133) be, and the same is hereby, denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Arbitration Award and the Judgment based on the same, be and the same are hereby, determined to be unenforceable against Corey D. Mercier or any property belonging to Corey D. Mercier so long as she is under the protection of the automatic stay and so long as she is protected by the discharge injunction, if she receives one. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor may file for the public record a certified copy of this Order in the Public Records in and for Collier County, Florida. It is further

ORDERED, ADJUDGED AND DECREED that this Court retains jurisdiction of this matter and may enter such Orders as may be appropriate as long as the Debtor is under the protection of the automatic stay or the discharge injunction, if the Debtor obtains a discharge.